IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG STREET, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 08-0700-CG-N |
| | ) |
| DRURY INNS, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's appeal of the Magistrate Judge's order denying plaintiff's request for a 90 day extension of time in which to complete discovery. (Docs. 26, 27) and defendant's motions to strike any reports or opinions of Dr. Jack Sparks and any reference to such reports or opinions. (Docs. 35, 37). For the reasons stated below, the court affirms the Magistrate Judge's order and grants defendant's motions to strike.

## BACKGROUND

On August 14, 2009, plaintiff moved for extension of the discovery deadline to allow plaintiff to disclose the expert report of Dr. Jack Sparks and to allow defense counsel a chance to depose Dr. Sparks. (Doc. 18). Plaintiff asserted that he had employed Dr. Sparks as an expert witness early on in the litigation and his report was completed as of February 2009, but that plaintiff's counsel mistakenly emailed to the plaintiff, Craig Street, instead of defense counsel, Craig Goolsby. (Doc. 18). The Magistrate Judge denied plaintiff's motion for extension stating that it was filed over a week past the discovery cutoff deadline and that counsel's transmission error did not justify the extension. (Doc. 22).

Pursuant to the Rule 16(b) scheduling order, all discovery was to be completed on or

before August 3, 2009. (Doc. 9).  The scheduling order further provided that "[r]equests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery. (Doc. 9, p. 1 (emphasis in original)).   Expert reports were required to be produced by plaintiff on or before June 8, 2009. (Doc. 9, p. 2).

Defendant moves to strike any reports or opinions of Dr. Jack Sparks and any reference to such reports or opinions.  Defendant bases its motions on the Magistrate's ruling.

**DISCUSSION**

Upon a party's objection to any non-dispositive matter assigned to the Magistrate Judge, the district court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  FED.R.CIV.P. 72(a) (West 2002); Accord, San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp., 783 F.Supp.1334, 1335 (S.D.Ala. 1992); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").   This standard is considered a "very difficult one to meet." Thornton v. Mercantile Stores, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (citing Tai-Pan Inc. v. Keith Marine, Inc., 1997 WL 714898, *11 (M.D. Fla. 1997)). The Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with 'the definite and firm conviction that a mistake has been committed.'" Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 460 (M.D.Ala. 2001)(citations omitted).

Plaintiff restates that his failure to produce the expert report was simply a mix up of

email addresses and contends that he will be severely prejudiced if not allowed to rely on his expert witness. However, after reviewing the circumstances of this case and the Magistrate Judge's decision, the court does not find that it was clearly erroneous or contrary to law. Discovery had ended at the time of plaintiff's request, and the scheduling order clearly stated that requests for extension would be viewed with great disfavor. Moreover, an extension of the discovery deadline would not permit plaintiff to disclose an expert report at such a late date. The time for plaintiff to disclose expert reports is separate from the discovery deadline and expired almost two months before the discovery deadline and more than two months before plaintiff's motion. Upon consideration of all matters presented, the court finds that plaintiff has failed to show that the Magistrate Judge's ruling is clearly erroneous or contrary to law.

The court further finds that defendant's motions to strike are due to be granted. FED.R.CIV.P. 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.....

The non-producing party has the burden of showing that its actions were substantially justified or harmless. Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 368 (M.D. Ala. 2001)(citing Burney v. Rheem Mfg. Co., 196 F.R.D. 659, 691 (M.D. Ala. 2000)). "'Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.'" Chapple v. Alabama, 174 F.R.D. 698, 701 (M.D. Ala. 1997)(quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995)). Failure to make

the required disclosures is harmless "when there is no prejudice to the party entitled to the disclosure." Id.  The court recognizes that "merely having to depose a party on information that should have been disclosed in a Rule 26 Report is a form of prejudice." McClain v. Metabolife International, Inc., 193 F.Supp.2d 1252, 1259 (N.D. Ala. 2002).

In the instant case, the court finds that the non-disclosure was neither justified, nor harmless.  Plaintiff's counsel reportedly relied on an email he thought was sent to defendant's counsel for disclosure of an expert report which he contends is very important to plaintiff's case.  Yet, plaintiff's counsel failed to follow up the email with a hard copy or attempt to confirm that defense counsel had received the report until long after the deadline for disclosure had expired.  The court finds that there is no genuine dispute concerning compliance and that plaintiff has failed to show that the non-disclosure is harmless.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's order denying plaintiff's request for an extension of the discovery deadline (Doc. 22) is **AFFIRMED,** and defendant's motions to strike any reports or opinions of Dr. Jack Sparks and any reference to such reports or opinions. (Docs. 35, 37) are **GRANTED**.

**DONE and ORDERED** this 10th day of November,  2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE